**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LARRY JAMES OSBORN**                                                            **PETITIONER**

**V.**                                        **NO. 4:22-CV-00159-BSM-JTK**

**DEXTER PAYNE, Director
Arkansas Division of Correction**                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

     The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Petitioner, Larry James Osborn, is a prisoner currently confined to the Maximum Security Unit of the Arkansas Department of Corrections. On February 17, 2022, Osborn initiated this 28 U.S.C. § 2254 habeas action (Doc. No. 1).

## Background

On June 4, 1998, a Saline County, Arkansas, jury found Osborn guilty of aggravated burglary in the Circuit Court of Saline County. (*Osborn v. Hobbs*, Case No. 5:14-cv-00167, (Doc. No. 5-2 at 1)) The Court sentenced Osborn to life imprisonment. (*Id.* at 2) On February 24, 2000, the Supreme Court of Arkansas denied Osborn's direct appeal. (*Osborn v. Hobbs*, Case No. 5:14-cv-00167 (Doc. No. 5-5 at 1)) on April 17, 2006, the Circuit Court of Saline County denied Osborn's motion for post-conviction relief under Arkansas Rule of Criminal Procedure 37 (*Id.* at Doc. No. 5-8 at 4) On November 29, 2007, the Supreme Court of Arkansas denied Osborn's request to proceed with a belated appeal because he did not file his Notice of Appeal with the Circuit Court Clerk within sixty days of its order. (*Id.* at Doc. No. 5-11) On February 21, 2008, the Supreme Court of Arkansas denied Osborn's motion for reconsideration of the denial of his motion for belated appeal (*Id.* at Doc. No. 5-12 at 1)

On May 1, 2014, Osborn filed his first petition for writ of habeas corpus in this Court (*Id.* at Doc. No. 1) The Court entered a Memorandum and Order finding the petition untimely and dismissing the action in its entirety with prejudice (*Id.* at Doc. Nos. 14 – 15) The Eighth Circuit denied his application for certificate of appealability in July of 2015 and mandate issued. (*Id.* at Doc. Nos. 24 and 26).

Osborn filed the instant petition for habeas corpus on February 17, 2022. (Doc. No. 1). For the reasons set forth herein, the Court recommends that the current habeas petition be dismissed.

## Discussion

After a § 2254 habeas petition is filed, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires that the district court conduct an initial review and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it is clear from initial review that the Court lacks subject matter jurisdiction to consider Osborn's claims.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a *prima facie* showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2254 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Thus, the petition should be dismissed without prejudice.

### Conclusion

**IT IS THEREFORE RECOMMENDED** that:

1.     Petitioner Larry James Osborn's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED** without prejudice.

2.     A certificate of appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

IT IS SO ORDERED this 15th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE